UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O' JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS): PLAINTIFF'S MOTION TO REMAND

DEFENDANTS GALAN, DANIEL, AVILA, AND MORRERO'S MOTION TO DISMISS

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing currently scheduled for October 20, 2014 is hereby vacated, and the matter is taken under submission.

**I. INTRODUCTION**

On June 20, 2014, plaintiff Daniel Velazquez filed a complaint in the Los Angeles County Superior Court against his former employers Staples and Staples Contract and Commercial, Inc. (collectively, "entity defendants"). Dkt. 1. Plaintiff also named as defendants his direct supervisor Lionnel Morrero, as well as managing supervisors Frank Martell, Veronica Galan, and Jason Daniel (collectively, "individual defendants"). On August 26, 2014, defendants jointly filed a notice of removal (the "Notice") on the grounds of diversity jurisdiction. Id.[1]

Plaintiff asserts the following claims against the entity defendants: (1) discrimination on the basis of age in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code 1290 *et seq*; (2) harassment on the basis of age in violation of FEHA; (3) retaliation for complaining of discrimination and/or harassment on the basis of age in violation of FEHA; (4) discrimination on the basis of disability in violation of

---

[1] The entity defendants were not served with the complaint until July 28, 2014, rendering the removal timely. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

FEHA; (5) harassment on the basis of disability in violation of FEHA; (6) retaliation for complaining of discrimination and/or harassment on the basis of disability in violation of FEHA; (7) failure to provide reasonable accommodation in violation of FEHA; (8) retaliation for taking CFRA leave in violation of FEHA; (9) violation of California Labor Code section 1102.5; (10) violation of the Private Attorney General Act; (11) breach of express oral contract; (12) breach of implied-in-fact contract; (13) wrongful termination of employment in violation of public policy; (14) wrongful termination of employment in violation of public policy on the basis of discussing wages; (15) retaliation for complaining of sexual harassment in violation of FEHA; (16) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; and (17) intentional infliction of emotional distress. Id. Plaintiff alleges only the second, fifth, and seventeenth claims for harassment and IIED, respectively, against the individual defendants. Id.

On September 5, 2014, defendants Galan, Daniel, Avila, and Morrero filed a motion to dismiss pursuant to Rule 12(b)(6). Dkt. 16.[2] Plaintiff opposed the motion on September 15, 2014, dkt. 18, and defendants replied on October 6, 2014, dkt. 29. On September 15, 2014, plaintiff filed a motion to remand the case to state court. Dkt. 19. Defendants opposed the motion on September 29, 2014, dkt. 23, and plaintiff replied on October 6, 2014. Dkt. 30.

## II. BACKGROUND

Plaintiff's complaint alleges the following. Plaintiff, a 54-year-old male, worked as an employee of entity defendants for eighteen years. Plaintiff contends that on several occasions defendant Morrero, plaintiff's direct supervisor, made derogatory comments about elderly employees. Compl. ¶ 12(a)–(d). In 2012, plaintiff suffered a stroke, which required him to attend regular doctor's appointments. Id. ¶ 10(a). Plaintiff alleges that Morrero refused to relieve him from work to attend these appointments, instead insisting that plaintiff visit his doctor after work hours. Id. ¶ 10(b).

---

[2] Defendant Frank Martell also filed a motion to dismiss on September 5, 2014. Dkt. 15. However, plaintiff and defendants have since entered into a joint stipulation to dismiss plaintiff's claims against Martell without prejudice. Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

Plaintiff alleges that, throughout his employment, defendant Morrero treated him differently. For example, Morrero appointed plaintiff to a station that exclusively involved inventory control, a task not within plaintiff's job description. Morrero also assigned plaintiff to the graveyard shift. Id. ¶ 13(a). Plaintiff complained to defendant Avila, another supervisor, about Morrero's allegedly differential treatment. Plaintiff also reported to Avila incidents in which Morrero allegedly stole from the company and made sexually inappropriate comments to a female employee. Id. ¶ 13(b). However, plaintiff alleges that "Avila failed to put an end to Morrero's differential treatment" and instead, "began micromanaging [p]laintiff." Id. According to plaintiff, Avila "ordered [p]laintiff, and no other employee, to fill out a daily report . . . [and] forced [p]laintiff out of his offices." Id. Plaintiff subsequently complained about Avila's conduct to defendant Galan in human resources. Id.

In or around May 2013, two trailers were stolen from plaintiff's workplace. Although plaintiff denies any wrongdoing in connection with the theft, plaintiff alleges that Morrero blamed plaintiff for allowing the theft to occur and demanded that plaintiff "take responsibility." Id. ¶ 13(e). Plaintiff refused, since according to plaintiff, Morrero had only provided the keys and locks for the trailers to another individual, despite plaintiff's role as the receiving supervisor. Plaintiff alleges that Morrero subsequently threatened him, stating that plaintiff was "going down for this," and then "completely shunned [p]laintiff." Id. Following the trailer incident, Morrero provided plaintiff with a "Final Write-Up." Id. ¶ 13(g).

In June of 2013, an employee dropped a pallette and damaged some paper inventory. Plaintiff alleges that he disclosed the incident to defendant Avila but did not write a formal report, because company policy did not require such reports where an incident caused less than $300 in damage. Id. ¶ 14. Subsequently, defendant Daniel informed plaintiff that he should have drafted a report. Id. Plaintiff was terminated shortly thereafter. Id.

### III. LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir.1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir.1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp .2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson, 951 F.2d at 42).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer, ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n. 6 (9th Cir. 1985)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

## IV. DISCUSSION

     Defendants argue that removal is proper because complete diversity exists and the amount in controversy exceeds $75,000. Specifically, defendants argue that the individual defendants—who are all citizens of California—are "sham" defendants whose citizenship should be disregarded, thus creating complete diversity. Notice of Removal ¶ 26. Plaintiff counters that the individual defendants are not "sham" defendants and, as such, complete diversity does not exist and removal was improper. Mot. to Remand ¶ 1.[3]

     As discussed above, to demonstrate that plaintiff has fraudulently joined "sham" defendants, the entity defendants must show there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green, 707 F.2d at 205. Accordingly, courts must resolve all issues of fact and ambiguities in law in the non-removing party's favor.

     Plaintiff's complaint asserts three claims against the individual defendants: (1) harassment on the basis of age in violation of FEHA; (2) harassment on the basis of disability in violation of FEHA; and (3) intentional infliction of emotional distress. See Compl. Defendants argue that there is no possibility that plaintiff will be able to state a claim against any of the individual defendants in state court. However, if plaintiff is able to allege even a single claim against any of the individual defendants, joinder of that defendant is not fraudulent and this matter must be remanded for lack of complete diversity.

     Turning first to the harassment claims, FEHA makes it unlawful for "an employer . . . or any other person," to harass an employee because of age or disability. Cal. Gov. Code § 12940(j)(1). Courts interpret harassment to include conduct "outside the scope of

---

[3] Plaintiff also argues that defendants have failed to establish that plaintiff is a California citizen. The Court disagrees. Defendants' notice of removal indicates that plaintiff is a current resident of California, possesses a California driver's license, worked in California from 1995-2013, and filed this action in a California court—where he referred to himself as "a resident of the County of Los Angeles, California." See Notice of Removal; Opp'n Mot. to Remand. Absent any evidence to the contrary, the Court is satisfied that plaintiff is a citizen of California for the purpose of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 63 (1996). The conduct must be "sufficiently severe or pervasive to 'alter the conditions of [the victim's] employment and create an abusive work environment.'" Fisher v. San Pedro Peninsula Hosp., 214 Cal. App 3d 590, 609 (1989)(citations omitted). This excludes conduct which is "occasional, isolated, sporadic, or trivial." Id. at 609. Finally, whether the conduct is actionable as harassment must be evaluated in light of the totality of circumstances and from the perspective of a reasonable employee. Id. at 609–610.

      With regard to Morrero, plaintiff alleges that Morrero made ageist remarks about elder employees, including: that there were "too many older associates; let's get college students working here so we can pay them less," Compl. ¶ 12(a); that older associates were "slow and move like molasses" and "must be terminated," id. ¶ 12(b); and that Morrero wanted to "get rid of older associates" to meet sales numbers. Id. Additionally, plaintiff alleges that Morrero frequently compared younger associates to older associates, including plaintiff. Id. ¶ 12(d). Plaintiff also alleges that Morrero treated him differently due to his age by reassigning his work duties, shunning him, and issuing a false write up for the stolen trailer incident. Plaintiff argues that, collectively, these allegations are sufficient to establish a harassment claim against Morrero.

      Defendants counter that plaintiff cannot assert a claim for harassment because Morrero's alleged conduct falls short of being pervasive or severe. Defendants cite to several cases where courts have affirmed judgments for employers on a much greater showing by the employee of recurring conduct. See, e.g., Etter v. Veriflo Corp., 67 Cal. App. 4th 457 (1998)(affirming a defense judgment where plaintiff alleged eighteen incidents of a supervisor making racial jokes); Haberman v. Cenegage Learning Inc., 180 Cal. App. 4th 365 (2009)(affirming summary judgment for defendants where plaintiff alleged eleven incidents of sexual comments); Mannatt v. Bank of America, 339 F.3d 792 (9th Cir. 2003)(affirming summary judgment for employer where plaintiff alleged overhearing racial remarks and having several racial comments directed at her by supervisors, including one incident where a supervisor pulled their eyes back in a racial gesture).

      Defendants also argue that apart from Morrero's allegedly ageist comments, plaintiff fails to submit any evidence of actionable conduct. Defendants rely on Janken v

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

GM Hughes Electronics to argue that Morrero's actions cannot be labeled harassment because they fall into the category of conduct "necessary for management of the employer's business or performance of the supervisory employee's job," and as such, cannot form the basis for a harassment claim. 46 Cal. App. 4th 55, 63 (1996).

      Plaintiff responds that Morrero's alleged conduct is sufficient to rise to the level of severe or pervasive. Plaintiff notes that there is no "threshold 'magic number' of harassing incidents" nor is there "a number below which a plaintiff fails as a matter of law to state a claim." Dee v. Vintage Petroleum, Inc., 106 Cal. App. 4th 30, 36 (2003)(citations omitted). Moreover, plaintiff argues that defendants' reliance on the Janken case is misplaced. Plaintiff cites the more recent case of Roby v. McKesson Corp., in which the California Supreme Court determined that managerial acts can form the basis for a harassment claim where such acts have the "secondary effect of communicating a hostile message." 47 Cal. 4th 686, 709 (2009). In Roby, the California Supreme Court reinstated a jury award for a harassment claim under FEHA, determining that the Court of Appeal had erred by omitting evidence of the defendant's managerial conduct. The court held that personnel decisions may support a harassment claim under FEHA where such acts provide the "means of conveying [the] offensive message." Id. at 708. Accounting for the defendant's managerial conduct, the court found ample evidence to support plaintiff's harassment claim, which included defendant shunning plaintiff during staff meetings, making rude comments, belittling plaintiff's job, and reprimanding plaintiff before co-workers. Id. at 709.

      Here, the Court cannot conclude that there is "no possibility" that plaintiff will be able to establish an harassment claim against Morrero in state court. As discussed supra, defendants cite to several cases in which judgments were rendered in favor of employers, even though the employee alleged more frequent incidents of harassment than plaintiff has alleged here. However, the standard in a fraudulent joinder analysis is not whether plaintiff has a probability of prevailing on the merits of his claim; rather, it is whether there is any possibility that plaintiff can state a claim.

      Moreover, the Court cannot find as a matter of law that plaintiff has alleged an insufficient number of incidents to assert am harassment claim against Morrero. As noted by the Dee court, there is no predetermined number of incidents required to state a claim for harassment. 106 Cal. App. 4th at 36. Further, in light of the California Supreme Court's decision in Roby, Morrero's managerial conduct may be relevant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:14-cv-06703-CAS(JEMx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | DANIEL VELAZQUEZ V. STAPLES, INC. ET AL. | | |

plaintiff's harassment claim. It follows that plaintiff's allegations against Morrero, including conduct deemed managerial, could suffice to state a claim for harassment in state court.

Because defendants have not met their burden to demonstrate that there is no possibility that plaintiff may assert a claim against Morrero, the Court finds that Morrero is not a "sham" defendant and his joinder was not fraudulent. In light of this, complete diversity does not exist and removal was improper.[4]

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand to state court. Because the Court lacks subject matter jurisdiction over this action, the Court DENIES defendants Galan, Daniel, Avila, and Morrero's motion to dismiss as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[4] Because the Court concludes that plaintiff has a possibility of stating a claim for harassment against Morrero, the Court does not address the other claims plaintiff asserts against the individual defendants.